James Edward COOK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-77-731.

Court of Criminal Appeals of Oklahoma.

Nov. 5, 1979.

Shoemake & Briggs, George G. Briggs and Shockley T. Shoemake, Pawhuska, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Kay Jacobs, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

James Edward Cook, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Payne County, Case No. CRF–76–287, for the offense Unlawful Delivery of Marijuana, in violation of 63 O.S.Supp.1975, § 2–401. His punishment was fixed at two (2) years' imprisonment, with the final year suspended and from said judgment and sentence an appeal has been perfected to this Court.

The evidence of the State established that on November 28, 1976, the defendant sold a bag of marijuana to one Frances Floyd at her mother's home in Cushing. Floyd, who was a casual friend of defendant, agreed to cooperate with the police in making the "bust" of defendant. She called him from the police station and asked him if he would bring her two bags of marijuana. She was searched, given $20.00 in marked bills and transported to her mother's home. Shortly thereafter, defendant arrived and she purchased one bag of marijuana from the defendant for $10.00. As defendant left the house, he was placed under arrest and the marked $10.00 bill recovered from his person.

The defendant testified that he had known Frances Floyd for several years and, on occasion, Frances Floyd had brought marijuana to his house and smoked it. She called the defendant several times on the day in question, requesting him to find her some marijuana. He agreed to do so only to keep her from bothering him. He purchased two bags from a man on the street for $20.00, and took them to Ms. Floyd's mother's house. She told him that she only needed one bag, which he gave her for $10.00. He denied dealing in marijuana in any manner.

Defendant asserts as the sole assignment of error that the evidence upon which he was convicted was procured by an illegal warrantless arrest and subsequent unlawful search of his person. We disagree. The arresting officers had knowledge that Ms. Floyd had called defendant and requested that he bring to her two bags of marijuana, which he agreed to do in about fifteen minutes. He was inside the house a short period of time and was placed under arrest upon his exit. We are of the opinion that the arresting officer had knowledge of facts and circumstances sufficient to justify the arrest.

In conclusion, we are of the opinion that the evidence of defendant's guilt is undisputed and the record is free of any error that would justify modification or reversal. See *Dunaway v. State*, Okl.Cr., 561 P.2d 103

(1977). The judgment and sentence is accordingly *AFFIRMED*.

CORNISH, P. J., concurs.

BRETT, J., specially concurs.

BRETT, Judge, specially concurring.

I specially concur in this decision. Had the arrest of defendant been illegal, that fact would have gone to the admissibility of the second baggie of marihuana taken from his person. Any error committed by the admission of that evidence was cured when defendant testified on direct examination that he did deliver the first baggie of marihuana to Mrs. Floyd as alleged. When defendant testified to that fact, the elements of the crime were admitted and any deficiency in the prosecution's case was completed. *Dunaway v. State*, Okl.Cr., 561 P.2d 103 (1977) at page 105.